[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction of robbery first degree, in violation of General Statutes § 53a-134(a)(4), and theft of a firearm, in violation of General Statutes § 53a-212(a) for which judgment the petitioner received a total, effective sentence of fifteen years imprisonment, consecutive to other sentences.
The petitioner claims his confinement is unlawful because his trial counsel, Attorney John Cocheo, rendered ineffective assistance at his criminal trial by failing to call Robert Will as defense witness and by stipulating to the admission into evidence of a firearm. CT Page 11041
The underlying criminal charges involved allegations that the petitioner and his cousin, Robert Will, robbed Vinnie's Pizza in East Lyme on May 12 or 13, 1990, at gunpoint, and stole a pistol, belonging to the owner of that pizzeria, along with other items. The petitioner's judgment of conviction for these offenses was affirmed on direct appeal, State v. Davis, 32 Conn. App. 906
(1993).
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims, Johnson v.Commissioner, 218 Conn. 403 (1991), p. 425. Under this standard, the petitioner must prove both that his trial attorney's performance was deficient, and that this deficient performance prejudiced his defense, Id. p. 424. If it is easier to dispose of the claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance, Pelletierv. Warden, 32 Conn. App. 38 (1993), p. 46. Because the court concludes that an examination of the prejudice component of theStrickland test is dispositive, the court proceeds to address that issue directly.
In order to satisfy the prejudice prong of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640. Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444 (1992), p. 454; that is, the petitioner must show that there is a reasonable probability that he remains burdened by an unreliable determination of guilt, Id.
 I
With respect to Cocheo's failure to call Will to testify as a defense witness, Will testified at the habeas hearing that, had he been called as a witness at the petitioner's criminal trial, he would have denied that the petitioner was his accomplice in this robbery. The court has scrutinized Will's testimony and demeanor, in conjunction with the other evidence adduced at the habeas hearing, and finds this testimony to be unworthy of belief. Will's exoneration of the petitioner strikes the court as based on a desire to relieve his cousin of the consequences of the judgment of conviction rather than on a desire to recount the events of the robbery truthfully. CT Page 11042
The court also finds that it is unlikely that Will's testimony would have reached the jury in any event. Will adamantly refused to answer questions concerning the identity of his accomplice except to deny that it was the petitioner. Had Will attempted to testify in this manner at the petitioner's criminal trial, the prosecution undoubtedly would have pursued this line of cross-examination. Will's refusal to respond to this legitimate inquiry most certainly would have provoked a request to strike his entire testimony. The court finds that Will would have persisted in refusing to name his companion in crime and that the trial court would have had little choice but to instruct the jury to disregard Will's testimony, State v. Maldonado, 193 Conn. 350, 358 (1984);State v. Altrui, 188 Conn. 161, 170 (1982).
Even if Will's selective testimony were admitted, despite his resistance to disclosing the identity of his cohort, it is improbable that this evidence would have had a substantial impact in the petitioner's case. Will's former girlfriend, Dani Carlson, testified at the petitioner's criminal trial. She indicated that, after the robbery, the petitioner admitted to her his participation in the robbery with Will, that she observed Will and the petitioner split the proceeds from the robbery, and she accompanied the petitioner in his flight from Connecticut after the robbery (Petitioner's Exhibit A-1, pp. 144 ff). This evidence, along with the other evidence pointing to the petitioner as one of the culprits, overshadows any testimony Will would have provided, especially in light of his weaknesses as a witness including his extensive felony record.
Assuming, arguendo, Cocheo was deficient in neglecting to call Will to the witness stand, the court finds that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that there exists a reasonable probability that, but for Cocheo's omission, the outcome of the criminal trial would have been different.
 II
After consulting with the petitioner, Cocheo withdrew the objection to the admission of the allegedly stolen pistol (Petitioner's Exhibit A-1, pp. 214 and 215). Previous to the stipulation, the prosecutor encountered some difficulty in having this gun admitted as an exhibit. Initially, the trial court refused to admit the pistol because of an absence of testimony as CT Page 11043 to where the weapon came from or was found (Petitioner's Exhibit A-1, pp. 73 and 74). Later, the trial court noted that no witness had yet identified the pistol as the one stolen in the robbery (Petitioner's Exhibit A-1, p. 169). Eventually, the prosecutor adduced evidence filling in these gaps and made an offer of proof that the gun was recovered from Will when Will attempted to flee following another robbery. The court indicated that if the prosecution could produce testimony to this effect, the pistol would be admitted (Petitioner's Exhibit A-1 p. 206). As a result, the prosecution presented the testimony of New London Police Officer William Pero, who had chased Will and saw Will discard the pistol (Petitioner's Exhibit A-1, pp. 211 and 212. The trial court inquired as to whether the prosecution intended to complete the chain of custody by calling other officers to testify, and the prosecutor replied that he would do so if necessary (Petitioner's Exhibit A-1, pp. 213 and 214). The trial court again indicated that, if that were done, the gun would be admitted (Petitioner's Exhibit A-1, pp. 213 and 214). At this point Cocheo agreed to the admission of the firearm.
At the habeas hearing, the respondent produced the testimony of Waterford Police Department Detective Stewart Clark, whose testimony amply demonstrated that the prosecutor at the petitioner's criminal trial would easily have completed the chain of custody, and the pistol would have become a full exhibit, any defense objection notwithstanding. Clark retrieved the abandoned pistol, in Pero's presence, from the ground where Will had dropped it. He recorded its serial number, initialled the gun, and transported it to the Waterford Police Department evidence room for safekeeping. The court harbors no doubt that the weapon would have been admitted as an exhibit of the petitioner's criminal trial, eventually. Thus, the petitioner has suffered no prejudice by Cocheo's agreeing to its admission. The petitioner's habeas counsel acknowledged that the operability of the weapon was never really in issue.
For these reasons, the petition is dismissed.
Sferrazza, J.